UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RONALD ANTHONY LEVI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3103 |
| | ) | |
| STEVEN GASKELL, | ) | |
| BARRY LEAVITT, and | ) | |
| the STATE OF ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis on his claim challenging his detention hearing and the constitutionality of 725 ILCS 207/30.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if

1

such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

## LEGAL STANDARD

To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief ." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above

a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56. However, *pro se* pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

In or around August, 2006, Plaintiff was scheduled for release from the IDOC on mandatory supervision. Instead of being released, Plaintiff was transferred to the Department of Human Services and held in "isolation segregation" for more than 10 days while a petition to detain him pursuant to the Illinois Sexually Violent Persons Act was filed. He contends that this detention impeded his ability to mount a defense to the petition. 725 ILCS 207/30(b) provides that "[i]f the person named

3

in the petition is in custody, the court shall hold the probable cause hearing within 72 hours after the petition is field, excluding Saturdays, Sundays, and legal holidays. The court may grant a continuance of the probable cause hearing for no more than 7 additional days upon the motion of the respondent, for good cause."

A hearing was eventually held on the petition to commit Plaintiff pursuant to 725 ILCS 207/30, which directs the state court to "hold a hearing to determine whether there is probable cause to believe that the person named in the petition is a sexually violent person." Under the Sexually Violent Persons Act, if the state court determines probable cause is present, the court orders that the individual be kept in custody for an evaluation. A trial is supposed to be held no later than 120 days after the probable cause hearing, but the deadline may be extended in certain circumstances. 725 ILCS 207/35(a). According to Plaintiff, the state court judge found probable cause to detain him in August, 2006, but Plaintiff still has not had his trial. (Complaint, ¶ 22). The reason for the delay is not provided.

Plaintiff alleges that, as part of his pretrial detention proceedings, Defendants Gaskell and Leavitt, who are psychologists, wrote a report diagnosing Plaintiff with a mental disorder that is not listed in the Diagnostic and Statistical Manual of Mental Disorders—"paraphilia, not otherwise specified, nonconsent." The report was allegedly based solely on Plaintiff's criminal record, and the report's conclusions were false and faulty. The state court judge allegedly improperly relied on this faulty report to find probable cause to detain Plaintiff. Plaintiff further maintains that 725 ILCS 207/30 is facially unconstitutional because the procedural safeguards required by the Supreme Court case of U.S. v. Salerno, 481 U.S. 739 (1987) are lacking.

Plaintiff seeks his immediate release, a declaration that 725 ILCS 207/30 is unconstitutional, and money damages.

## ANALYSIS

Plaintiff's challenges to the psychologists' false evaluation go to the validity of his current detention, challenges which can only be pursued in federal court as a habeas corpus action, if at all. *See, e.g.,* DeWalt v.

Carter, 224 F.3d 607, 614 (7th Cir. 2000)(challenges to fact or duration of confinement must be pursued in habeas action, not in an action under 42 U.S.C. § 1983). Thus, Plaintiff cannot seek damages against Defendants Leavitt and Gaskell for their alleged misconduct which caused Plaintiff's detention.[1]

Plaintiff's constitutional challenges to 725 ILCS 207/30 also necessarily implicate the validity of his confinement. Plaintiff contends that the Supreme Court case of U.S. v. Salerno requires an adversarial hearing on whether "lesser restrictive conditions" of pretrial confinement (such as electronically monitored release) would adequately protect the community. He further argues that Salerno requires his pretrial confinement to be supported by clear and convincing evidence, not simply "probable cause." *See* Salerno, 481 U.S. at 750 (upholding Bail Reform Act, which allows pretrial detention if Government proves "by clear and convincing evidence that no conditions of release can

---

[1] Additionally, "court-appointed experts, including psychiatrists, are absolutely immune from liability for damages when they act at the court's direction." Cooney v. Rossiter, 583 F.3d 967, 970 (7th Cir. 2009).

reasonably assure the safety of the community or any person."); Mental Hygiene Legal Services, 2009 WL 579445 (2d Cir. 2009)(unpublished)(affirming preliminary injunction preventing enforcement of law authorizing pretrial confinement of sex offender without a finding that a lesser restrictive condition would suffice); *but see* In re Detention of Hardin, 238 Ill.2d 33 (2010)(probable cause standard in Sexually Violent Persons Act means that the State must "'establish a plausible account on each of the required elements'" and provide "'a substantial basis for the petition' when all reasonable factual inferences are considered, probable cause is established.'")(quoted cite omitted), *cert. denied*, 131 S.Ct. 967 (2011).

Plaintiff's challenge to the constitutionality of 725 ILCS 207/30 is effectively a challenge to the constitutionality of his confinement. Thus, his challenge can only be pursued in federal court as a habeas corpus action after the exhaustion of state court remedies and the satisfaction of other habeas corpus requirements. *See, e.g.,* Lieberman v. Thomas, 505 F.3d 665 (7th Cir. 2007)(denying habeas challenge by sexually violent

person regarding alleged due process violation in probable cause hearing where petitioner had not presented the claim in state court proceedings); <u>Varner v. Monohan</u>, 460 F.3d 861 (7th Cir. 2006)(example of habeas action by sexually violent person challenging constitutionality of commitment procedures); *see also* <u>Sweeney v. Bartow</u>, 612 F.3d 571 (7th Cir. 2010)(<u>Younger</u> abstention doctrine counseled against federal court interference in ongoing state commitment proceedings under the Sexually Violent Persons Act).

In sum, Plaintiff's challenges cannot be pursued at this time in an action under 42 U.S.C. § 1983. This Court cannot sua sponte convert this claim into a habeas corpus action because doing so may cause unintended adverse consequences for Plaintiff. Habeas corpus actions come with their own specific requirements, procedures, and consequences that Plaintiff should carefully consider. For example, exhaustion of state remedies is typically required before a federal habeas action may be filed, and prisoners are generally limited to seeking habeas corpus only once. See 28 U.S.C. § 2254(b)(1)(A); Rules Governing § 2254 Cases, Rule 9.

Accordingly, the proper procedure is to dismiss this claim, without prejudice to Plaintiff's filing of a habeas corpus action.

IT IS THEREFORE ORDERED:

1. Plaintiff's petition to proceed in forma pauperis is denied (d/e 2), and this case is dismissed without prejudice. The hearing scheduled for May 21, 2012, is cancelled as unnecessary. The clerk is directed to notify Plaintiff's detention facility of the cancellation. All pending motions are denied as moot, and this case is closed.

2. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

ENTERED: May 15, 2012

FOR THE COURT:

                                          s/Sue E. Myerscough
                                          SUE E. MYERSCOUGH
                                       UNITED STATES DISTRICT JUDGE